UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEHDI MOINI,<br><br>                Plaintiff,<br><br>      v.<br><br>MARK S. WRIGHTON, *in his official capacity as President, George Washington University*<br><br>                Defendant. | Case No. 1:19-cv-03126 (TNM) |

**MEMORANDUM ORDER**

In this employment discrimination action, the Court granted summary judgment to George Washington University President Mark Wrighton, Ph.D.  *See Moini v. Wrighton,* 2022 WL 1521795 (D.D.C. May 13, 2022).  He now submits a bill of costs in the amount of $8,600.15, *see* Bill of Costs at 1, ECF No. 69, and asks the Court to tax those costs to Plaintiff Mehdi Moini, Ph.D., who objects to the bill, *see* Obj. to Bill of Costs, ECF No. 73 (Obj.).[1]  After Wrighton replied, Moini asked to file a surreply, *see* ECF No. 75.  The Court grants that motion and will consider the arguments in that filing.

Upon consideration of the bill, Moini's objections, and all filings, the Court taxes some costs to Moini, but not all.

I.

The Federal Rules of Civil Procedure allow costs "to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  This rule creates a "venerable presumption" in the prevailing party's favor but leaves the decision to award costs "within the sound discretion of the district court."  *Marx v.*

---

[1] All page citations refer to the page numbers generated by the Court's CM/ECF system.

*Gen'l Rev. Corp.*, 568 U.S. 371, 377 (2013).  That said, "a court may neither deny nor reduce a prevailing party's request for costs without first articulating some reason for doing so."  *Baez v. U.S. Dep't of Justice*, 684 F.2d 999, 1004 (D.C. Cir. 1982).

## II.

Moini objects on various bases against the entire bill and against specific costs.

## A.

Moini makes multiple arguments for why the Court should deny the entire bill of costs.  None succeed.

*First*, Moini says he cannot pay the total sum.  *See* Obj. at 3.  The Court "may, but need not consider" a party's financial hardship before awarding costs under Rule 54(d).  *Guevara v. Onyewu*, 943 F. Supp. 2d 192, 196 (D.D.C. 2013) (cleaned up).  When a court chooses to consider a party's financial hardship, it requires "substantial documentation of true inability to pay."  *Id.* (cleaned up).

Moini provides no such documentation.  He says that this suit forced him to tap "into his 401K, Social security, unemployment benefits, pension, and small royalties from his patents to pay his bills," but he gives no support for that assertion.  Obj. at 1.  "Such unsubstantiated assertions of financial hardship. . . are an insufficient basis on which to deny costs."  *Johnson v. Holway*, 522 F. Supp. 2d 12, 17 (D.D.C. 2007).  Moini also says that his 2021 income "was about $110,694" but gives no corroboration for that figure.  Obj. at 3.  And Moini's annual income does not include "other assets" that he might use to pay the award of costs.  *Doe v. Garland*, No. 18-cv-4, 2022 WL 1908823, at *3 (D.D.C. Jun. 3, 2022).  Moini gives no accounting of those assets either.  All told, he provides "an incomplete financial picture."  *Guevara*, 943 F. Supp. 2d at 196.

Moini responds that he confirmed his income to Wrighton during the discovery phase. *See* Surreply at 2, ECF No. 75-1. Maybe so, but Moini has presented no such financial documents to the Court. Without that information, the Court has no basis to overturn "the strong presumption in favor of awarding costs to the prevailing party." [2] *Doe*, 2022 WL 1908823, at *3.

*Second*, Moini asks for denial of all costs because such an award would carry "an element of injustice." Obj. at 2. This argument relies on *Ellis v. Grant Thornton LLP*, a Fourth Circuit case that adopted an "element of injustice" standard for bills of costs. *See* 434 Fed. App'x. 232, 235 (4th Cir. 2011). The D.C. Circuit has adopted no similar standard. *See Mann v. WMATA*, 185 F. Supp. 3d 189, 192 (D.D.C. 2016). Even if it had, Moini's objection asks the Court to consider only the financial disparity between the parties. By itself, that is an insufficient reason to deny the entire bill. *See Breiterman v. U.S. Capital Police*, 16-cv-893, 2022 WL 1538693, at *3 (D.D.C. May 16, 2022). Rule 54 applies to Davids and Goliaths alike.

*Third*, Moini asks the Court to delay its ruling. He points to Local Civil Rule 54.1(c), which says that "[t]he Clerk shall tax costs after judgment has become final," which occurs "when the time for appeal has expired . . . or when the court of appeals issues its mandate." Because Moini "has every intention" to appeal, he argues that the Local Rule requires taxation of costs only after the Circuit adjudicates his appeal. Obj. at 4.

Although he recites the correct Rule, Moini overreads its requirements. Courts still may "determine[e] the amount of costs" owed to the prevailing party and then "defer[] taxation of those costs to a later date." *Long v. Howard Univ.*, 561 F. Supp. 2d 85, 96 (D.D.C 2008). And

---

[2] The Court also notes that, even if corroborated, Moini's annual income far exceeds that of other parties in this district who have paid the prevailing party's costs. *See Guevara*, 943 F. Supp. 2d at 196 (rejecting argument that plaintiff with annual income of $13,000 was unable to pay costs).

because appeals take time, making a cost determination now and deferring until after any appeal is often "the most prudent course." *Id.* For that reason, the Court determines the applicable costs now.

*Fourth*, Moini says that Wrighton failed to provide an itemized list of costs. *See* Obj. at 5. Not so. Wrighton attached invoices and an itemized breakdown of all costs. *See* Bill of Costs at 2–9. Those filings provide sufficiently "detailed justification" for Wrighton's bill. *Thomas v. United States*, CIV. A. 84-2999, 1987 WL 15142, at *1 (D.D.C. July 24, 1987). And Wrighton submitted them within the allowed 21 days after final judgment. *See* LCvR 54.1(a). To be sure, Wrighton attached more detailed information to his reply. *See* Reply, Ex. 1, ECF No. 74-1. But all costs at issue appeared first in the itemized bill of costs—Wrighton did not use his reply to seek other costs.

*Fifth* and finally, Moini argues for rejection of the bill because his case "raised important issues of law" about university tenure decisions, Surreply at 5, and his evidence was "strong and unequivocal," *id.* at 6. These self-serving assertions do not overcome the strong and longstanding presumption that a losing party pays. More, when the Court analyzed "the facts and issues," Moini's claims "[came] up short." *Thomas v. George Washington Univ.*, 286 F. Supp. 2d 38, 40 (D.D.C. 2003). Courts award costs, particularly in civil rights cases, to discourage claims that lack merit. *See id; see also Hinds v. Mulvaney,* 296 F. Supp. 3d 220, 245 (D.D.C. 2018) ("Racial discrimination is a persistent and invidious threats to our society's welfare, but like pulling a fire alarm for kicks in a nursing home, false allegations of discrimination impose high costs on us, too."), *aff'd,* 2019 WL 5432064 (D.C. Cir. Mar. 28, 2019). Despite his protestations, Moini's claims fall into that bucket.

**B.**

More persuasive are Moini's objections to specific costs. He asks the Court not to assess costs for deposition transcripts and videotapes. He also disputes exhibit management, delivery, and handling fees.

The Court grants deposition costs when the transcripts or recordings are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Transcripts and videos "are 'necessarily obtained' if they are used to prepare for future depositions, motions, pretrial proceedings, or trial." *Sykes v. Napolitano*, 755 F. Supp. 2d 118, 120 (D.D.C. 2010) (cleaned up). But unlike the general presumption favoring award of costs, the prevailing party bears the ultimate burden to show that these materials were necessarily obtained. *See Robertson v. McCloskey*, 121 F.R.D 131, 133 (D.D.C. 1988). Whether the costs were "'reasonably necessary' for the litigation" is "determined as of the time the costs were incurred." *United States ex rel. Barko v. Halliburton Co.*, 954 F.3d 307, 313 (D.C. Cir. 2020) (cleaned up).

As to the transcripts, Moini makes two arguments. He first argues that the Court should award only part of the transcript costs because Wrighton used only part of the transcripts. *See* Obj. at 5. Moini constructs too high a burden. Transcripts are "necessarily obtained if they are used to prepare for future depositions, motions, pretrial proceedings, or trial." *Sykes*, 755 F. Supp. 2d at 120. These deposition transcripts qualify, even if Wrighton did not attach "the entire transcripts or their exhibits" to his motion for summary judgment. Surreply at 3. He needed to order the entire transcript to know which portions to use in his briefing. More, "depositions relied upon in the parties' summary judgment briefs are taxable." *Sykes*, 755 F. Supp. 2d at 120. Wrighton cited each of the disputed transcripts "at least once" in his summary judgment brief. *Id.*; *see* Def.'s Stmt of Mat'l Undisputed Facts ¶¶ 2, 8, 19, 26, 37, 275, ECF No. 45-3. That is

5

enough to find they were necessarily obtained.

Moini's second argument fares no better. He contends that because he provided Wrighton with copies of the transcript for free, the Court should award no costs. But Moini sent copies in December 2021, *see* Obj. Ex. 1 at 3, ECF No. 73-1, a full 11 months after Wrighton had ordered his own copies, *see* Bill of Costs at 4–9 (showing invoices with dates from January 2021). Because Wrighton incurred those costs before Moini sent copies, those costs were necessary at the time.[3] In sum, costs for the transcripts are granted in full.

Moini next challenges the costs for videotapes. He first says that, to award those costs, a court order is necessary. The Court knows of no such rule, and Moini provides no citation for it. Still, Wrighton must show that the videotaped depositions at issue were "necessary or reasonable under the circumstances, or that any use was made of the videotape[s] at trial or in motions." *Craig v. District of Columbia*, 197 F. Supp. 3d 268, 288 (D.D.C. 2016).

The Court grants video costs for four depositions but not for two others. For the depositions of Rowe, Duff, Maltzman, and Weedn, Moini noticed those depositions and ordered video. Def.'s Reply at 4, ECF No. 74 (Reply). Wrighton then "merely purchased a copy" of recordings ordered by Moini. *United States ex rel. Purcell v. MWI Corp.*, 229 F. Supp. 3d 45, 47 (D.D.C. 2017). Those costs were therefore reasonable and Wrighton is entitled to them now. *See id.* (awarding costs for videotapes to prevailing party when the losing party had noticed the

---

[3] Moini's surreply argues in roundabout fashion that because Wrighton marked some depositions as confidential without asking Moini, the Court should not tax those costs. *See* Surreply at 4; *see also* Obj. at 6. Any dispute about confidentiality is ancillary to what matters: Whether Wrighton expended costs for the depositions. The record shows that he did. And Moini gives no authority that a dispute over confidentiality designations should preclude taxation of costs.

depositions and prevailing party bought a copy); *Sykes*, 755 F. Supp. 2d at 121 (awarding defendant the costs of transcripts when plaintiff noticed and took all of the depositions at issue).

Not so for the depositions of Moini and his expert, Brian Eckenrode. Wrighton took those depositions, in contrast to the other four. *See* Reply at 4. He says that he ordered copies of these videos "[i]n order not to be disadvantaged at a future trial." *Id.* Beyond this vague assertion, however, Wrighton never explains "the anticipated use of the videotapes at trial or in future motions." *Craig*, 197 F. Supp. 3d at 288. That is not enough.

True, the recordings might be effective for cross-examination and impeachment of the deponents. *See Purcell*, 229 F. Supp. 3d at 47. But Wrighton proposes no such use. He says only that he wanted to avoid disadvantage. If the Court granted costs on that basis, it would flout the statutory imperative. Parties incur every litigation cost hoping to avoid disadvantages at trial. Yet what matters is whether a cost is "necessarily obtained." 28 U.S.C. § 1920(2). For that reason, prevailing parties assert concrete reasons for the need for videos, like a need "to prepare for trial and for potential use for impeachment or to guarantee the availability of [the witness's] testimony at trial." *Halliburton*, 954 F.3d at 314 (cleaned up). Wrighton makes no similar assertion—he simply has not carried his burden on these costs. The Court accordingly reduces the bill by $1,778.00.

Finally, Moini objects to the exhibit management, delivery, and handling fees. Wrighton no longer seeks those costs. The Court thus reduces the bill by $161.95.

**III.**

For all these reasons, Wrighton's [69] Bill of Costs is GRANTED IN PART and DENIED IN PART. The Court taxes Plaintiff $6,660.20 in costs to be paid once judgment is final. It is also

ORDERED that Moini's [75] Motion for Leave to File a Surreply is GRANTED.

**SO ORDERED**.

This is a final, appealable Order.

Dated: July 7, 2022                                          TREVOR N. McFADDEN, U.S.D.J.